UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM R. WATSON,  CIVIL NO. 05-412 (JNE/JSM)

    Petitioner,

v.  REPORT AND RECOMMENDATION

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1]. This matter was decided on the written submissions of the parties.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND

At the time he filed this petition, Petitioner was an inmate at the Federal Correctional Institution in Waseca, Minnesota. MacMonegle Decl. ¶ 3. He is serving a 120-month prison sentence imposed by United States District Court Judge Fenner for the Western District of Missouri, for conspiracy to possess and distribute iodine, a "List II" chemical knowing it would be used to manufacture methamphetamine in violation of

1

21 U.S.C. §§ 841(d)(2) and 846.  MacMonegle Decl. ¶ 3, Attach. A, "Judgment in a Criminal Case."  The background to the Petition is as follows:

On August 21, 1995, Missouri officials arrested Petitioner for second-degree burglary and stealing.  See MacMonegle Decl. ¶ 4, Attach. C, "Presentence Investigative Report."  On April 1, 1996, Petitioner pleaded guilty to the charges and was sentenced to a 5-year prison term on both counts to run concurrently.  Id. Petitioner's sentence was suspended, and he was placed on parole, but on June 3, 1998, Petitioner's probation was revoked, and he was ordered to serve the 5-year sentence.  Id.  On November 11, 1998, Petitioner was paroled from his state sentence. On January 21, 2000, Petitioner's parole was again revoked.  Id.

On December 18, 2000, while Petitioner was incarcerated at the State Community Corrections Facility in Leavenworth, Kansas, Petitioner was borrowed pursuant to a federal writ of habeas corpus ad prosequendum[1] to appear in the United

---

[1]   The use of a writ of habeas corpus ad prosequendum has been explained as follows:

> This writ permits one sovereign -- called the "receiving sovereign" -- to "borrow" temporarily a person in the custody of another sovereign -- called the "sending sovereign" -- for the purpose of prosecuting him.  It thus permits the receiving sovereign to perform such acts as indicting, arraigning, trying, and sentencing the person.  See Flick v. Blevins, 887 F.2d 778, 781 (7th Cir.1989) (per curiam) [cert. denied, 495 U.S. 934 (1990)].  Because the receiving sovereign merely obtains limited jurisdiction over the "borrowed" prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign.  See id.

Jake v. Herschberger, 173 F.3d 1059, 1061, n.1, (7th Cir. 1999).  A similar explanation is provided in Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff=d, 100 F.3d 946 (3rd Cir. 1996):

States District Court for the Western District of Missouri on drug charges. See MacMonegle Decl. ¶ 5, Attach. F, "USMS Prisoner Tracking System Form, dated January 28, 2002"; Attach. C.  While Petitioner was in physical custody on the federal writ, from December 18, 2000, through October 10, 2001, he received credit towards his state sentence from the Missouri Department of Corrections for Jackson County. MacMonegle Decl. ¶ 6, Attach. G, "Memorandum from B. Hansen"; Attach. H, "Letter from State of Missouri Department of Corrections, dated March 3, 2005."

On September 27, 2001, Petitioner was sentenced to 120-month prison term on the federal drug charge.  Id. ¶ 5, Attach. A.  The sentence was ordered to run consecutive to his state imprisonment with a recommendation that Petitioner receive credit for time served while being on a writ in federal custody.  Id.  On October 10, 2001, the United States Marshal Service ("USMS") returned Petitioner to state custody, where he remained until he was conditionally released to the USMS pursuant to a federal detainer on June 1, 2002.  Id., Attach. F; Id. ¶ 4, Attach. D, "State of Missouri Memorandum, dated June 24, 2002"; Attach. E. "USMS Prisoner Tracking Form, dated July 3, 2002."  Petitioner's projected release date is February 16, 2011, after applying good conduct time.  MacMonegle Decl. ¶ 7, Attach. B.

---

> "Primary jurisdiction [over a criminal defendant] remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.... [Citations omitted.]  <u>Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation</u>.... [Citations omitted.]  [&] Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody." (Emphasis added.)

Petitioner is claiming that the federal Bureau of Prisons, ("BOP"), has erroneously failed to give him credit toward his sentence for the period of time that he spent on a federal writ from December 18, 2000, to October 10, 2001. He is seeking a court order that would direct the BOP to give him credit for the time he spent on a federal writ, and expedite his release date accordingly. For the reasons discussed below, the Court finds that Petitioner's claims must be rejected, and his habeas corpus petition must be dismissed.

## DISCUSSION

### I. Petitioner Is Not Entitled to Additional Credit Against His Federal Sentence

Petitioner asserted that, at his federal sentencing, the judge "recommended that defendant receive credit for time served while being held on writ in federal custody." Pet. Mem., at 1. Based on the judge's recommendation, Petitioner argues that he is entitled to credit for time spent on federal writ, in accordance with 18 U.S.C. § 3585(b).

18 U.S.C. § 3585(b), provides that —

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

<u>that has not been credited against another sentence</u>. (Emphasis added.)

When a detainee is transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum, he is not considered to have been formally received into federal custody for purposes of federal sentencing law. "[T]he law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum

4

remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." <u>Rios v. Wiley</u>, 201 F.3d 257, 274 (3rd Cir. 2000); <u>see</u> <u>also</u> <u>United States v. Cole</u>, 416 F.3d 894, 896–97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.").

In this case, there is no reason to believe that the State of Missouri relinquished its jurisdiction and right of custody over Petitioner when it allowed the federal government to temporarily detain him for the purpose of prosecuting federal criminal charges against him. Consequently, Petitioner received credit against his state criminal sentence during the time period he was on writ in federal custody. <u>See</u> MacMonegle Decl. ¶ 6, Attach. G; Attach H. Therefore, if the BOP were to credit Petitioner's federal sentence for the time that has already been applied to his state sentence, Petitioner would receive "double credit" for the time served, which is contrary to the intent of 18 U.S.C. § 3585(b). <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993) (stating that issuing double credit contravenes the proscription in 18 U.S.C. § 3585(b) against double crediting). Moreover, even though the sentencing judge recommended that Petitioner receive credit for the time spent on federal writ, district court judges are without authorization to grant credit at sentencing. <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992). Accordingly, Petitioner's petition is denied on this ground.

**II.    This Court Has No Jurisdiction to Consider Petitioner's Claim for Credit Under the Sentencing Guidelines**

Petitioner also argued that the sentencing judge intended him to receive credit while on writ because, under U.S.S.G. § 5G1.3(c), the Court may "exercise its discretion

5

and award a concurrent sentence in a matter that would ensure that the federal sentence, while imposed at a later time, took into account prior time served on an unrelated state sentence." Pet. Mem., at 3.

This Court is barred by 28 U.S.C. § 2255 from entertaining Petitioner's habeas petition under § 2241 because Petitioner is attacking a sentence applied by the Western District of Missouri, the sentencing court, and such an attack cannot be lodged with this Court.  A federal prisoner may normally maintain a collateral challenge to his sentence by filing a motion in the district of the sentencing court pursuant to 28 U.S.C. § 2255. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (citing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995)) (citation omitted).  In this regard, § 2255 provides in part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a motion to the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his sentence. No other court has jurisdiction to hear such a challenge concerning the propriety of the sentence imposed by another court.  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255).  Further, no other court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of. . .[his] detention.'"  DeSimone, 805 F.2d at 323 (quoting 28 U.S.C. § 2255); see Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983); see

also Hill v. Morrison, 349 F. 3d 1089, 1091 (8th Cir. 2003) ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.")

In this case, Petitioner is attempting to reduce his sentence under U.S.S.G. § 5G1.3.  Consequently, unless he has affirmatively demonstrated[2] that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his sentence, his § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule and the petition should be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (concluding that a § 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

Petitioner has not demonstrated that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his sentence and therefore his § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule.[3]  Thus, the Court

---

[2]   Petitioner bears the burden of establishing that the § 2255 remedy is inadequate or ineffective.  United State v. Lurie, 207 F.3d 1075, 1078 (8th Cir. 2000) (citations omitted); see also DeSimone, 805 F.2d at 323 (finding that no court has jurisdiction to hear a challenge under § 2241 unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 is inadequate or ineffective).

[3]   The Court has also considered whether Petitioner's § 2241 habeas corpus petition should be construed to be a § 2255 motion, and then transferred to the court in which he was convicted and sentenced.  However, that also cannot be done in this case.  It appears that Petitioner is precluded from seeking relief under § 2255, because any § 2255 motion that he might attempt to bring at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions.  See 28 U.S.C. § 2255(¶ 6).

7

recommends that Petitioner's request for a reduction of his sentence be dismissed because this Court is without jurisdiction to hear such a claim.

### **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

Dated: April 27, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 15, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.